[Civ. No. 9315. First Appellate District, Division Two.—May 16, 1934.]

RUFUS J. PILCHER et al., Respondents, v. TANNER MOTOR LIVERY (a Corporation) et al., Appellants.

Cooley, Crowley & Supple, A. P. G. Steffes and George L. Greer for Appellants.

E. B. Drake for Respondents.

NOURSE, P. J.—The two plaintiffs were passengers for hire riding in a motor vehicle owned by the defendant corporation and operated by its employee Graves. In crossing an intersection of streets in the city of Los Angeles the vehicle was struck by one operated by defendant Harding. Mrs. Pilcher was thrown from the car and suffered a slight strain in her back. In a trial with a jury plaintiffs had a verdict for $12,000 against the defendant corporation and Graves. Mrs. Harding had a verdict against the plaintiffs. The appeal is from the judgment on the verdict in favor of the plaintiffs.

Three grounds involving instructions are assigned for a reversal of the judgment, together with a claim of

excessive damages. We will confine our opinion to the error of the instructions covering section 113 of the California Vehicle Act, but in passing should add that the verdict of $12,000 against the corporate defendant for the slight injury suffered by Mrs. Pilcher is so grossly disproportionate to the injuries proved that this result, taken with the favorable verdict for Mrs. Harding, who, under all the uncontradicted evidence was equally as guilty of negligence as the other, compels the conclusion that the error herein referred to was prejudicial to these appellants.

There is no material conflict in the evidence covering this issue. Both vehicles approached the intersection at approximately the same time and at a speed in excess of the limit fixed in section 113b. The defendant Harding increased her speed passing through the intersection. The evidence does not show whether the speed of appellants' car was increased or not. The front part of the Harding car struck the left rear wheel and left rear fender of appellants' car in the northeast sector of the crossing. The uncontradicted evidence presents a set of facts from which the jury might have inferred that if appellants had been driving faster the collision would not have occurred. Hence the error of the instruction that the law presumed them to be negligent.

█ Section 113b of the California Vehicle Act fixes a speed limit of fifteen miles per hour at intersections similar to that where the collision occurred. In 1931 subdivision (d) was added to section 113, reading as follows: "In any civil action the driver of a vehicle who has operated such vehicle at a speed in excess of the miles per hour set forth in subdivision (b) applicable at the time and place shall not be deemed to have been negligent by reason thereof as a matter of law, but in all such actions the burden shall be upon the opposing party to establish that the operation of such vehicle at such speed constituted negligence." (Stats. 1931, p. 2121.) On November 2, 1931, when the cause was submitted to the jury, the trial court gave three instructions covering subdivision (b) of this section advising the jury that any violation of that section was negligence as matter of law. The effect of these instructions was to impress upon the jury that appellants were presumed to have been negligent if they traversed the intersection at a

speed in excess of fifteen miles per hour. These instructions were in direct conflict with subdivision (d) of the section which imposed the burden of proof upon the respondents to ''establish that the operation of such vehicle at such speed constituted negligence''.

Respondents seek to excuse the error of these instructions upon the ground that, though subdivision (d) was in full operation at the time of the trial, it was not in effect at the time of the accident, which occurred July 24, 1929. From this it is argued that they had a substantive right to damages at the time of the accident which could not be taken away by the subsequent enactment. But the statute does not affect respondents' substantive rights. The amendent goes to the remedy for the enforcement of those rights only. It is nothing more than a change in the manner of proof by which respondents' right of action is to be enforced, but it does not deny or impair their right of recovery.

The rule applicable to such cases is stated in 10 Ruling Case Law, pages 863, 864: ''The general power of the legislature to prescribe rules of evidence and methods of proof is undoubted. . . . No person or corporation has a vested right in the rules of evidence. They pertain to the remedies provided by the state for its citizens, and do not constitute a part of any contract. They are subject to control and modification by the legislature, whether affecting proof of existing rights or rights subsequently acquired, and changes in them may be made applicable to existing causes of action.''

In volume 6, Ruling Case Law, pages 462, 463, it is also said: ''As to what shall be evidence, and who shall assume the burden of proof, its power is unrestricted so long as its rules are impartial and uniform; but it has no power to establish rules which, under pretense of regulating evidence, altogether prohibit a party from exhibiting his rights, since this would substantially deprive him of due process of law. . . . If, however, the legislature in prescribing the rules of evidence in any class of cases, leaves a party a fair opportunity to establish his case or defense, and give in evidence to the court or jury all the facts legitimately bearing on the issues in the cause, to be considered and weighed by the

tribunal trying the same, such acts of the legislature are not unconstitutional.''

A restatement of the same principles is found in Cooley, Constitutional Limitations, eighth edition, page 590, reading: ''Laws which change the rules of evidence relate to the remedy only; and while, as we have elsewhere shown, such laws may, on general principles, be applied to existing causes of action, so, too, it is plain that they are not precluded from such application by the constitutional clause we are considering.'' And again on page 754: ''As a general rule, every state has complete control over the remedies which it offers to suitors in its courts. It may abolish one class of courts and create another. It may give a new and additional remedy for a right or equity already in existence. And it may abolish old remedies and substitute new; or even without substituting any, if a reasonable remedy still remains.''

Authorities in support of the rule are too numerous to cite. Reference may be had to *Estate of Patterson*, 155 Cal. 626, 638 [102 Pac. 941, 132 Am. St. Rep. 116, 18 Ann. Cas. 625, 26 L. R. A. (N. S.) 654], and *Buck* v. *Canty*, 162 Cal. 226, 233, 234 [121 Pac. 924], as California cases in approval.

The judgment is reversed.

Sturtevant, J., and Spence, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 12, 1934.