[Civ. No. 8926. First Appellate District, Division Two.—September 25, 1934.]

JUSTIN GUTTER, Appellant, v. MYRON NIESLEY, Respondent.

Ford & Johnson for Appellant.

Ralph E. Bancroft and R. G. Partridge for Respondent.

NOURSE, P. J.—This appeal presents the common case of two operators of motor vehicles each trying to beat the other across a street intersection. The collision which is the subject of the litigation occurred at the intersection of Columbus Avenue and Jackson Street in the business section of the city and county of San Francisco. The testimony presents the usual conflict, each party stating that he approached the intersection at a reasonable rate of speed; that the other party approached at an excessive and illegal rate; and that the collision was due wholly to the fault of the other. The jury believed the evidence of the defendant and gave him a verdict. After the verdict was returned for the defendant the plaintiff made a motion for a new trial, which was heard and denied by the trial judge. From this we may assume that the court and jury did not accept plaintiff's version of the collision.

Plaintiff has specified certain paragraphs of the instructions covering the defense of contributory negligence which he terms formula instructions and which he criticises because they do not repeat every element of the defense of contributory negligence. We do not consider any of these paragraphs as formula instructions, but, taking the instructions as a whole, we conclude that they clearly and adequately cover this defense. Though the paragraphs com-

plained of are arranged in appellant's brief in an inverse order to that given, it appears from the transcript that when first approaching the subject of contributory negligence the trial court gave a correct and approved definition of that defense with all its elements. In the paragraphs following, this defense was referred to as the defense of contributory negligence. The jury must have understood that the trial court was referring to the defense as it had theretofore defined it. It certainly was not necessary to repeat the definition in every paragraph referring to that issue.

Complaint is also made of that portion of the instructions telling the jury that it was the duty of the appellant to have made a reasonable use of his faculties and of ordinary care to avoid the collision. This merely states a legal truism that it is the duty of a party to exercise reasonable care to avoid injury to another.

No prejudice can be claimed from the portion of the instructions that if appellant approached and crossed the intersection in excess of the legal speed he was guilty of negligence *per se*. The cause was tried and the judgment was entered before the 1931 amendment to section 113 of the California Vehicle Act, hence the rule followed in *Pilcher* v. *Tanner Motor Livery,* 138 Cal. App. 558 [33 Pac. (2d) 58], does not apply.

Other errors claimed do not require consideration. The cause was fairly tried and the jury was fully and fairly instructed on the essential issues of the controversy. The record discloses unmistakably that the jury rejected appellant's testimony and that no other verdict could have been justly returned.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.