[Civ. No. 8840. Second Appellate District, Division One.—February 11, 1935.]

MARY JOHNSON et al., Respondents, v. LUCIE GOKEY et al., Appellants.

Frankley & Spray and W. H. Abrams for Appellants.

Joe Crider, Jr., and Clarence B. Runkle for Respondents.

EDMONDS, J., pro tem.—On appeal from a judgment entered after verdict of a jury in an action for personal in-

juries, the defendants present the sole question of the effect of an instruction erroneously given.

The automobile accident which caused plaintiffs' injuries occurred before the amendment made in 1931 to section 113 of the California Vehicle Act. (Deering's Gen. Laws, 1931 Ed., Act 5128.) The case was tried after the effective date of the amendment. The jury was instructed that: "If you find that defendant Robert Gokey was driving the Studebaker automobile in excess of the speed limit as he entered the intersection, that is, in excess of 15 miles per hour, then I instruct you that said defendant Robert Gokey was guilty of negligence as a matter of law." Respondents concede that this instruction was erroneously given (*Pilcher* v. *Tanner Motor Livery*, 138 Cal. App. 558 [33 Pac. (2d) 58]), but contend that no prejudicial error resulted therefrom.

■ The defendant driver having admitted entering the intersection at more than 15 miles per hour, the jurors by this instruction were told that he was guilty of negligence as a matter of law. They were not given the opportunity to determine whether or not "the operation of such vehicle at such speed constituted negligence". (Deering's Gen. Laws, Act 5128, sec. 113.) This deprived the defendants of a substantial right and they have been prejudiced thereby unless the verdict rendered is the only one which the evidence will support. (*Bieser* v. *Davies*, 119 Cal. App. 659 [7 Pac. (2d) 388].) But if the evidence will support a verdict for the appellants and under a correct instruction there might have been a verdict in their favor, they are entitled to a new trial. (*Hamlin* v. *Pacific Electric Ry. Co.*, 150 Cal. 776 [89 Pac. 1109]; *Moss* v. *Stubbs*, 111 Cal. App. 359 [295 Pac. 572, 296 Pac. 86].)

The evidence on the issue of liability shows a state of facts on which the verdict of the jury might have been either for the plaintiffs or for the defendants. The accident occurred at an intersection. The automobile driven by the defendant Robert Gokey was traveling west, approaching an intersection. The automobile driven by plaintiff Johnson was proceeding north toward the same intersection. The view of each driver was obstructed within the meaning of section 113(b) of the California Vehicle Act. The cars collided in the intersection.

A number of witnesses for the plaintiffs testified that the automobile of the defendants entered the intersection at a speed variously estimated at 25 miles per hour or more, while the automobile driven by the plaintiff Johnson was halfway across the intersection proceeding at 10 to 15 miles per hour. On the other hand, one witness testified on behalf of the defendants that the cars approached the intersection at approximately the same time, the plaintiffs' automobile traveling at 30 to 35 miles per hour. Another testified that the defendants' automobile entered the intersection first. Which driver had the right of way and whether or not either or both drivers were negligent were, therefore, questions for the jury to determine.

The jury was correctly instructed that the prescribed rate of speed at the intersection was 15 miles per hour, and that if both vehicles entered it at the same time, the one approaching from the right had the right of way. But they were also told that if the defendant Gokey was driving in excess of 15 miles per hour as he entered the intersection, he was guilty of negligence as a matter of law. Very correctly, no such instruction was given concerning the acts of the plaintiff Johnson. But under these circumstances the jury undoubtedly viewed the acts of the respective drivers by entirely different standards of care. This certainly prejudiced the rights of the defendants.

If the jury had been correctly instructed there might have been a verdict in the defendants' favor as we view the evidence before us. We cannot act upon the assumption that this would have been unlikely. There is substantial evidence in the record which would support a finding either way and we cannot weigh and determine which side is the stronger.

The judgment is reversed.

Conrey, P. J., and Houser, J., concurred.