[Civ. No. 10164. First Appellate District, Division Two.—October 20, 1936.]

FRANK MEDEIROS, Respondent, v. ANTONE SOARES, Appellant.

Francis N. Foley for Appellant.

Frank Lee Crist and Edmund Scott for Respondent.

STURTEVANT, J.—From a judgment awarding the plaintiff damages for injuries suffered in an automobile collision the defendant has appealed.

At about sunset on the evening of July 8, 1934, the defendant was driving southeast on the Bay Shore highway near Palo Alto. About the same time the plaintiff was driving southwest on University Avenue. In the intersection of those roads their cars collided and for injuries suffered the plaintiff commenced this action.

The defendant contends that the plaintiff was guilty of contributory negligence. That contention is based on the

claim that at a time when he was blinded by the rays of the setting sun the plaintiff drove forward and the collision complained of occurred. It is a sufficient answer to that contention to state that repeatedly the plaintiff testified the sun was not shining in his eyes as he drove forward and he did not drive forward while blinded by the rays of the sun. Moreover, the contention which the defendant now makes was alleged in his answer, was submitted to the jury under specific instructions, and was by the jury found in favor of the plaintiff and against the defendant.

■ Upon the request of the plaintiff the trial court instructed the jury as follows: "In the absence of evidence to the contrary, the law presumes that both parties did everything that reasonably prudent persons would have done under the circumstances for the protection of their own safety. The presumption that the plaintiff was not guilty of contributory negligence is, in itself, a species of evidence which continues with the plaintiff throughout the trial of this case and until overcome by contrary evidence. Such presumption must prevail and control your deliberations until and unless it is overcome by satisfactory evidence." Calling our attention to the fact that the plaintiff took the stand and was examined and cross-examined on what care he exercised and that he called other witnesses who were also examined and cross-examined on the care the plaintiff exercised, the defendant claims any presumption on the subject was dispelled and that the instruction should not have been given. He cites *Mar Shee* v. *Maryland Assur. Corp.*, 190 Cal. 1, 9 [210 Pac. 269]. Conceding that the giving of the instruction was error, the plaintiff claims in the instant case it was not a prejudicial error. (*Rogers* v. *Interstate Transit Co.*, 212 Cal. 36, 40 [297 Pac. 884].) We think his claim is sound for the following reasons: The trial court gave several kindred instructions. All contained words to the effect that the presumption applies only "In the absence of evidence to the contrary . . . ," "until overcome by contrary evidence . . . ", etc. The instruction under attack is the fairest of the lot as it applied to "both parties" and is not limited to one party. Every juror heard each party produce evidence for or against the guilt or innocence of each party according to their respective contentions. When the instructions were read the jurors heard the limi-

tations "In the absence of evidence to the contrary . . . ," "until overcome by contrary evidence . . . ", etc., and as they had heard a great deal of *contrary evidence,* we must assume each juror understood that, in view of the evidence so received, said presumptions were not to be applied. As shown on its face the instruction complained of was addressed to a contingency (the absence of evidence to the contrary) which did not arise. Therefore the effect of giving the instruction was merely to instruct on a subject that was not present in the action on trial. It could not have been prejudicial. (*Estate of Clark,* 180 Cal. 395, 398 [181 Pac. 639].)

■ The trial court on the request of the plaintiff instructed the jury as follows:

"I instruct you that at the time of the happening of the accident involved in this action, section 131 of the California Vehicle Act provided in part as follows:

" (1) The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection.

" (2) The driver of any vehicle who has stopped as required by law at the entrance to a through highway shall yield to other vehicles within the intersection or approaching so closely on the through highway as to constitute an immediate hazard but said driver having so yielded may proceed and other vehicles approaching the intersection on the through highway shall yield to the vehicle so proceeding into or across the through highway." (Numbering ours.) The defendant claims that paragraph (1) applies to intersections in general, not otherwise provided for and that paragraph (2) applies only to intersections with through highways and that the two rules conflict. He cites *Lindenbaum* v. *Barbour,* 213 Cal. 277 [2 Pac. (2d) 161]. That case is not in point. It involved section 131 as enacted by chapter 240, Statutes of 1925, and which was quite different from section 131 as amended by chapter 1026, Statutes of 1931, page 2126, and which was, in part, copied in the instruction under attack. The section is divided into paragraphs which prescribe different duties. As the first paragraph contains no words to the contrary, it applies to all intersections. As the third paragraph specifically mentions "through highways", it applies to intersections with such

"through highways". As the intersection involved in this case was one with a "through highway", the trial court did not err in including a part of paragraph one and a part of paragraph two of said section in giving the instruction complained of. The two paragraphs do not conflict one with the other but both are to be given effect. No other objection to the instruction is made by the defendant. The objection he makes is without merit.

The judgment is affirmed.

Nourse, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 19, 1936, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 17, 1936.