[Civ. No. 15839.   Second Dist., Div. Two.   July 9, 1947.]

MARJORIE GULLEY, Appellant, v. WALTER EARL DAGGETT, Respondent.

Caryl Warner for Appellant.

Forrest A. Betts and Walter Ely for Respondent.

McCOMB, J.—From a judgment in favor of defendant after trial before a jury in an action to recover damages for injuries resulting from an automobile accident, plaintiff appeals.

The evidence being viewed in the light most favorable to defendant (respondent) the essential facts are these:

Plaintiff was riding in a Ford automobile in a northerly direction on Figueroa Street south of its intersection with Sepulveda Boulevard. At the same time defendant was driving his Oldsmobile in a westerly direction on Sepulveda just east of the same crossing. Figueroa Street was a "through highway" marked by boulevard stop signs controlling the east-west traffic crossing Sepulveda Boulevard. The car in which plaintiff was riding was traveling between 40 and 45 miles per hour. The driver of the Ford first observed defendant's automobile approaching the intersection when he was 125 to 150 feet south thereof at which time the Oldsmobile appeared to be either stopped or stopping. He next observed the Oldsmobile passing across the intersection in front of him at about 8 miles per hour. He immediately put on his brakes and swerved to the left whereupon a collision resulted between the two automobiles and plaintiff was injured.

The jury returned a verdict in favor of defendant.

■ This is the sole question presented for our determination:

*Was it prejudicial error for the trial court to instruct the jury as follows?*

"Section 550 of the Vehicle Code of the State of California:

" 'Vehicle approaching or entering intersection. (a) The driver of a vehicle approaching an intersection shall yield the

right of way to a vehicle which has entered the intersection from a different highway. (b) When two vehicles enter an intersection from different highways at the same time the driver of the vehicle on the left shall yield the right of way to the driver of the vehicle on the right.' ''

Where there is an automobile accident at an intersection and one of the streets is a ''through highway'' it is not error for the trial court to instruct the jury concerning the right of way at street intersections as provided in section 550 of the Vehicle Code relating to the right of way at intersections in general, and also to instruct the jury in accordance with the law relating to vehicles entering a ''through highway'' as set forth in section 552 of the Vehicle Code. (*Pattisson* v. *Cavanagh*, 18 Cal.App.2d 123, 126 et seq.* [63 P.2d 868, 64 P.2d 945]; *Medeiros* v. *Soares*, 17 Cal.App.2d 176, 179 [61 P.2d 501].)

The argument which plaintiff makes that the instructions were conflicting was also urged in *Pattisson* v. *Cavanagh*, *supra*. In such case the District Court of Appeal held contrary to the appellant's contention. In the same case the Supreme Court denied an application for a hearing and in doing so expressly overruled the decision in *Elmore* v. *County of Lassen*, 10 Cal.App.2d 229 [51 P.2d 481] which had held that instructions similar to those here in question were conflicting.

In view of the foregoing rule and the decisions in support thereof the trial court's instructions were correct.

The judgment is affirmed.

Moore, P. J., and Wilson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 28, 1947. Carter, J., voted for a hearing.

---

*''The provisions of sections 131(c) and 131(a) of the Vehicle Code, mentioned in the cited case are now sections 552 and 550 respectively of the Vehicle Code.''