[Civ. No. 14916.   First Dist., Div. Two.   June 18, 1952.]

ANNE TRICKEY, Appellant, v. RAYMOND LOUIS
HUNTER, Respondent.

Philander Brooks Beadle and Abraham Setzer for Appellant.

Campbell, Hayes & Custer and Fabian L. Johnston, Jr., for Respondent.

NOURSE, P. J.—Plaintiff sued for damages arising out of a collision of two auto vehicles in one of which she was a guest rider. She appeals from the verdict for the defendant.

The facts are not seriously disputed. Defendant was driving north on Middlefield Road, an arterial highway, on a Sunday of heavy traffic. The driver of the car in which plaintiff was riding approached the intersection on an east-west crossroad, failed to stop at the warning sign, and was hit broadside by defendant's car. Directly south of the intersection a large truck was parked at the easterly curb

of Middlefield Road obstructing the view of both drivers. There was no evidence of excessive speed on the part of either. There was no evidence of contributory negligence on the part of the plaintiff. There was no evidence of negligence on the part of the defendant as a proximate cause of the collision. The evidence showed unmistakably that the collision was caused solely through the negligence of plaintiff's driver in failing to stop at the intersection and particularly in failing to "stop, look and listen" after he had passed the parked truck where, for the first time, he had a view of the highway to his left.

The jury's verdict is in full accord with *Pollind* v. *Polich*, 78 Cal.App.2d 87, 90 [177 P.2d 63] ; *Shivers* v. *Van Loben Sels*, 109 Cal.App.2d 286 [240 P.2d 635] and similar cases.

■ Appellant complains that the trial court erred in refusing to give an instruction embracing section 550 of the Vehicle Code, since an instruction covering section 552 was given. The objection is answered by an opinion of the trial judge in denying appellant's motion for a new trial. We quote from that opinion as fully covering the criticism:

"The second ground of error in law is directed at the court's refusal to give an instruction embracing a portion of section 550 of the Motor Vehicle Code having to do with right of way at intersections generally. The court instructed the jury in the language of section 552 of the Motor Vehicle Code which section pertains to right of way at through highway intersections. It is conceded that the highway upon which the collision occurred was a through highway.

"A number of cases have been cited by plaintiff in support of his (her) contention. These decisions, however, hold merely that it is not error to give instructions based both upon section 550 and section 552. None of the authorities cited hold that it is error to refuse to give an instruction based on section 550 where the collision occurred at a through highway intersection.

"Plaintiff argues that if the driver of plaintiff's car did not stop before entering the intersection section 552 would not be applicable but that section 550 would be applicable. In analyzing this argument, we must bear in mind that section 552 was amended in 1947. Prior to that amendment the section provided 'The driver of any vehicle *which has stopped* etc.'; the section as amended reads 'The driver of any vehicle *shall stop* etc.'. It seems to me that the amendment to the section takes away the main support to plaintiff's conten-

tion. If plaintiff's argument is accepted, we will arrive at a very interesting result which can be demonstrated by the following examples.

"A is driving on a through highway. B, driving on a non-through highway, approaches the through highway. B stops as provided in section 552 at the entrance to the through highway. A, on the through highway, is so close to the intersection as to constitute an immediate hazard. Under these facts, it is conceded that A has the right of way and B must yield.

"If B violates the law and fails to stop at the entrance to the through highway, he then would have the right of way and A, proceeding on the through highway, would have to yield. This, it seems to me, would place a premium upon a violation of law and would give the driver of an automobile who violated the law an advantage over the driver who obeyed the law.

"The end result would be that a driver on a through highway approaching so closely to an intersection as to constitute an immediate hazard would have the right of way if the driver on the nonthrough highway obeyed the law and stopped at the entrance to the through highway but he would not have the right of way if the driver on the nonthrough highway violated the law and failed to stop. I hardly believe that such is or should be the law.

"It should be noted also that the cases cited by plaintiff were without exception, I believe, decided prior to the 1947 amendment to section 552."

Finally appellant complains of the failure of the trial court to instruct the jury on the issue of contributory negligence. The defense was pleaded, but no issue was made of it, no evidence of it was offered, and no mention of the defense was made to the jury. No authority is cited holding that an instruction should be given under these circumstances. We find no error.

Judgment affirmed.

Goodell, J., concurred.

DOOLING, J.—I concur. I feel it advisable, however, to comment on an apparent illogicality in the law which has been created by the cases of *Medeiros* v. *Soares*, 17 Cal. App.2d 176 [61 P.2d 501]; *Pattisson* v. *Cavanagh*, 18 Cal. App.2d 123 [63 P.2d 868, 64 P.2d 945]; and *Gulley* v. *Daggett*, 80 Cal.App.2d 784 [182 P.2d 613], in all of which it

was held that in collisions at intersections of signposted through highways it is proper to instruct on both sections 550 and 552 (formerly Veh. Code, § 131(a) and 131(c)). This rule has the express sanction of the Supreme Court as noted in *Gulley* v. *Daggett, supra,* p. 786, since in denying a hearing in *Pattisson* v. *Cavanagh, supra,* the Supreme Court expressly disapproved *Elmore* v. *County of Lassen,* 10 Cal.App.2d 229 [51 P.2d 481] which announced the contrary rule. (18 Cal.App.2d p. 130.)

Section 550 is general in its terms while section 552 has application to a particular situation, the rights and duties of the drivers of vehicles at the intersections of signposted through highways. Under the settled rule of statutory construction section 552, the particular, controls section 550, the general, in the situations to which it is made applicable. (23 Cal.Jur., Statutes, § 136, pp. 762-763.) Since section 552 gives the driver on a signposted through highway somewhat greater rights than the driver on other highways is given by section 550 (and is expressly designed to do so to facilitate the flow of traffic on the through highway) I would hold, were I free to so act, that it is error to instruct on section 550 in any case to which section 552 is applicable, but such a holding if it is to be made can only come now from the Supreme Court.

However it is one thing to say, as do the cases cited above, that it is *not error to* instruct on section 550 in a case to which section 552 applies. It is quite another to say, as appellant asks us to do in this case, that it is *error not to* instruct on section 550 in such a case. I am more than content not to push what I believe to be a bad rule of law any further than the decided cases compel me to.

A petition for a rehearing was denied July 18, 1952, and appellant's petition for a hearing by the Supreme Court was denied August 14, 1952.