Opinion
THE COURT.*
Sandra A. Binkowski was cited for driving while intoxicated (Veh. Code, § 23152, subd. (a)). She pled not guilty and brought a motion to suppress (Pen. Code, § 1538.5), contending incriminating evidence had been obtained in violation of her constitutional right to be free of unreasonable searches and seizures. (U.S. Const., 4th Amend.; Cal. Const, art. I, § 13; see also Mapp v. Ohio (1961) 367 U.S. 643 [6 L.Ed.2d 1081, 81 S.Ct. 1684].) Specifically, she argued she was subjected to an illegal traffic stop. A hearing on the motion was held on February 2, 2007.
San Bernardino Sheriff’s Deputy Alexander Pangbum testified he was on patrol around 10:25 p.m. on June 23, 2006, when he noticed a white Toyota RAV4 traveling on 9th Street near Lion Street in Rancho Cucamonga. The vehicle appeared to be exceeding the speed limit, which he thought was 35 *Supp. 4 miles per hour. He saw the vehicle stop at 9th and Heilman Avenue, an intersection controlled by a stop sign. The front wheels had crossed the limit line, such that the vehicle straddled the line. Believing the driver had violated Vehicle Code section 22450 (requiring a stop at the limit line), the officer conducted a vehicle stop.[1] When he contacted the driver, appellant, he smelled alcohol. This led him to investigate whether she had been drinking and driving. Ultimately, he cited her for driving while intoxicated. (Veh. Code, § 23152.)
Testifying in her own behalf, appellant identified photographs of signs showing 40 miles per hour as the speed limit in the area where she was cited. She said she was driving 30 miles per hour. She testified she stopped at the limit line because she did not think her front bumper crossed the line. When the officer first approached, he told her she had been speeding and did not mention the limit line.
The court found the detention stop was justified and denied the suppression motion. Appellant pled guilty to reckless driving (Veh. Code, § 23203) and the Vehicle Code section 23152 charge was dismissed. She now appeals, contending the court erred in denying the motion to suppress.
DISCUSSION
On appeals taken from rulings on suppression motions, we defer to all trial court factual findings that are supported by substantial evidence. We then exercise independent judgment to determine whether, on the facts found, the search or seizure was reasonable under the Fourth Amendment. (People v. Leyba (1981) 29 Cal.3d 591, 596-597 [174 Cal.Rptr. 867, 629 P.2d 961].) We do not review the trial court’s reasoning. If the record shows the court’s ruling was correct on any theory of the law applicable to the case, we will uphold the result. (People v. Zapien (1993) 4 Cal.4th 929, 976 [17 Cal.Rptr.2d 122, 846 P.2d 704].)
“A defendant may move ... to suppress as evidence any tangible or intangible thing obtained as a result of a search or seizure on . . . the following grounds: [][] (A) The search or seizure without a warrant was *Supp. 5 unreasonable.” (Pen. Code, § 1538.5, subd. (a)(1)(A).) A temporary detention during a routine traffic stop, even if it occurs only for a brief period and for a limited purpose, is a “ ‘seizure of persons’ ” under the Fourth Amendment to the United States Constitution. (Whren v. United States (1996) 517 U.S. 806, 809 [135 L.Ed.2d 89, 116 S.Ct. 1769].) Like any seizure, a traffic stop must be reasonable in light of all the circumstances, and will be found to be reasonable if the record contains objective evidence suggesting a traffic law has been violated. (Ibid.) The standard is not subjective. As long as the objective facts indicate the defendant may have violated some traffic law, it does not matter if the officer believed a different law was violated. (People v. Lloyd (1992) 4 Cal.App.4th 724, 733 [6 Cal.Rptr.2d 105].)
The court found the stop was justified by facts suggesting appellant had violated Vehicle Code section 22450, subdivision (a), which reads, “The driver of any vehicle approaching a stop sign at the entrance to, or within, an intersection . . . shall stop at a limit line, if marked . . . .” Appellant contends the officer was not justified in detaining her for an investigation because as a matter of law the undisputed facts show she complied with the statute. She argues she was stopped “at” the line because only her front tires had crossed the line, leaving the rest of her vehicle behind it. In so arguing, appellant invites us to analyze the statute to ascertain what the Legislature intended to require by enacting section 22450. That is, what did the Legislature mean by “at” the line?
When evaluating statutory language, we consider the intent of the Legislature so as to effectuate the purpose of the law. (People v. Coronado (1995) 12 Cal.4th 145, 151 [48 Cal.Rptr.2d 77, 906 P.2d 1232].) We consider both the object the Legislature sought to achieve and the harm it sought to prevent. (Harris v. Capital Growth Investors XIV (1991) 52 Cal.3d 1142, 1159 [278 Cal.Rptr. 614, 805 P.2d 873].) In doing so, we look at the statute as a whole.
Vehicle Code section 22450 requires a driver to stop at a limit line if one is marked. If no limit line is marked, the driver must stop before entering the crosswalk on the near side of the intersection. If there is neither limit line nor crosswalk, the driver must stop at the entrance to the intersecting roadway. Thus, the apparent purpose of the statute is to require a vehicle to stop before it is in a position where it could impede or hit pedestrians who could be in a crosswalk, or cross-traffic that could be in an intersection.
*Supp. 6 In determining legislative intent, we first examine the words of the statute, applying their ordinary and commonsense meaning. (People v. Granderson (1998) 67 Cal.App.4th 703, 707 [79 Cal.Rptr.2d 268].) Vehicle Code section 22450 requires stopping at the limit line. Vehicle Code section 377 defines “limit line” as the point at which traffic is required to stop. A “point” is defined as “a particular or precisely specified position, location, place, or spot.” (Webster’s New World Diet. (2d college ed. 1976) p. 1100, col. 2.) A limit line would function as a “precisely specified position” only if a vehicle stopped when its front bumper reached that line. This is particularly true because vehicles vary greatly in length. If we accepted appellant’s proposed interpretation, then a big rig truck would not violate the statute so long as its rear bumper had not yet cleared the limit line, even though its midsection could be straddling a crosswalk and its tractor could be protruding into the intersection. The Legislature could not have intended such an absurd—and potentially perilous—result. (Cf. People v. Coronado, supra, 12 Cal.4th at p. 151.)
Our conclusion is bolstered by Vehicle Code section 22500, which states in pertinent part: “No person shall stop, park, or leave standing any vehicle whether attended or unattended, ... in any of the following places: ffl (a) Within an intersection, except adjacent to curbs as may be permitted by local ordinance, [f] (b) On a crosswalk . . . .” In light of the foregoing, we hold Vehicle Code section 22450’s language “stop at a limit line” mandates a full stop before any part of the vehicle crosses the limit line. The officer testified appellant’s vehicle did not come to a full stop until the front wheels crossed the line. This observation provided the officer with an objectively reasonable ground for a stop.
Appellant argues this ground was pretextual. However, the constitutional reasonableness of a traffic stop does not depend upon the motivations of the officers. “Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis.” (Whren v. United States, supra, 517 U.S. 806, 813.) A traffic stop is valid so long as the circumstances, viewed objectively, provided the officer with facts supporting a reasonable suspicion a traffic law was being violated. (Ibid.) Here, the officer initially noticed appellant’s vehicle because it seemed to be speeding. Shortly thereafter, the officer noticed the vehicle did not stop at the limit line, as mandated by the vehicle code. Accordingly, as the trial court correctly found, the officer was justified in detaining appellant.
*Supp. 7 DISPOSITION
The judgment is affirmed.

Davis, P. J., Cohn, J., and Ferguson, J.

 Vehicle Code section 22450 states: “(a) The driver of any vehicle approaching a stop sign at the entrance to, or within, an intersection, or railroad grade crossing shall stop at a limit line, if marked, otherwise before entering the crosswalk on the near side of the intersection. [|] If there is no limit line or crosswalk, the driver shall stop at the entrance to the intersecting roadway or railroad grade crossing.”