Filed 8/26/15

**CERTIFIED FOR PUBLICATION**

APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| THE PEOPLE, | ) | BR 051941 |
| | ) | |
|     Plaintiff and Respondent, | ) | Pasadena Trial Court |
| | ) | |
|     v. | ) | No. LU21108 |
| | ) | |
| JOHN LOUIS OVERING, | ) | |
| | ) | |
|     Defendant and Appellant. | ) | **OPINION** |
| | ) | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Pasadena Trial Court, Mary L. Byrne, Commissioner. Affirmed.

Michael S. Overing, Esq., for Defendant and Appellant.

No appearance by Plaintiff and Respondent People of the State of California.

\*　　　\*　　　\*

## I.  *INTRODUCTION*

Defendant John Louis Overing appeals the judgment following a court trial wherein he was found guilty of failing to stop in violation of Vehicle Code section 22450, subdivision (a). Defendant contends there was insufficient evidence to support the conviction because he complied with the statute by stopping approximately 10 feet before entering the crosswalk, prior to proceeding past the crosswalk and into the intersection.

1

Vehicle Code section 22450, subdivision (a), indicates a vehicle must stop "before entering the crosswalk on the near side of the intersection" without specifying the precise place where the stop should occur. We determine a driver must stop at a spot before entering a crosswalk that enables the driver and other motorists and pedestrians to safely obey the right-of-way laws (see Veh. Code, §§ 21800, subds. (a) & (c), 21950, subd. (a)).

In the present case, there was substantial evidence supporting the trial court's implied finding defendant did not stop at the requisite spot. We thus affirm the judgment.

## II. *FACTUAL AND PROCEDURAL BACKGROUND*

The violation occurred on July 13, 2014, at the intersection of Sierra Madre Boulevard and Sunnyside Avenue. The intersection is governed by stop signs upon all its approaches. When traveling eastbound on Sierra Madre, there is a marked crosswalk at its intersection with Sunnyside. The stop sign for eastbound traffic is located approximately 10 feet west of the crosswalk and the word "STOP" is also written on the roadway. The placement of the word "STOP" is aligned with the stop sign. There are bushes located on the southwest corner of Sunnyside and Sierra Madre.

Defendant was driving his vehicle east on Sierra Madre approaching Sunnyside. Sierra Madre Police Department Officer Fernandes was in his patrol vehicle parked on Sunnyside facing north, south of Sierra Madre. Fernandes observed defendant driving east on Sierra Madre through the crosswalk without stopping. Because his view of the crosswalk was obstructed by the previously mentioned bushes, he was unable to see whether defendant stopped at the stop sign. He effectuated a traffic stop and issued defendant a citation for violating Vehicle Code section 22450, subdivision (a).

Defendant testified he stopped within one foot of where the word "STOP" was written on the roadway. He remained stopped until after the vehicles traveling on Sunnyside cleared the intersection. He then proceeded through the crosswalk, entered the intersection, and turned left onto northbound Sunnyside.

2

The trial court determined defendant stopped his vehicle at the stop sign, but that he stopped "too far back" from the crosswalk. The court found defendant guilty of the charged infraction and ordered him to pay a fine.

### III. *DISCUSSION*

As stated *ante*, Vehicle Code section 22450, subdivision (a), requires a vehicle at an intersection with a crosswalk and controlled by a stop sign to stop "on the near side of the intersection" without specifying a precise location for the stop. Our primary task is to determine whether stopping one foot from the stop sign and 11 feet from the crosswalk constitutes substantial evidence to support the judgment. In order to answer this question, we must first determine what the Legislature meant by the words "on the near side of the intersection."

We review the proper interpretation to be given to the statute at issue de novo. (*People v. Kurtenbach* (2012) 204 Cal.App.4th 1264, 1276.) With respect to whether there was sufficient evidence to support the judgment given our construction of the statute, "'"we review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." [Citation.]'" (*People v. McCurdy* (2014) 59 Cal.4th 1063, 1104.)

A.      Construction of the Statute

Vehicle Code section 22450, subdivision (a), provides, "The driver of any vehicle approaching a stop sign at the entrance to, or within, an intersection shall stop at a limit line, if marked, otherwise before entering the crosswalk on the near side of the intersection. [¶] If there is no limit line or crosswalk, the driver shall stop at the entrance to the intersecting roadway."

To interpret the law, we "scrutinize the actual words of the statute, giving them a plain and commonsense meaning." (*People v. Valladoli* (1996) 13 Cal.4th 590, 597.) If the statutory language can be given more than one interpretation, in determining the Legislature's intent we "'"'may consider various extrinsic aids, including the purpose of the statute, the evils to be

3

remedied, . . . and the statutory scheme encompassing the statute.'"" [Citations.]" (*People v. King* (2006) 38 Cal.4th 617, 622.)

In interpreting Vehicle Code section 22450, subdivision (a), we look to associated right-of-way statutes which shed light on the Legislature's intent regarding the meaning to be ascribed to the law. (See *Robert J. v. Catherine D.* (2009) 171 Cal.App.4th 1500, 1519 [court in construing a law must "examine the context in which the statute appears, '"adopting the construction that best harmonizes the statute internally and with related statutes"'"].)

"'Right-of-way' is the privilege of the immediate use of the highway." (Veh. Code, § 525.) Vehicle Code section 21800, subdivision (a), provides: "The driver of a vehicle approaching an intersection shall yield the right-of-way to any vehicle which has entered the intersection from a different highway." Vehicle Code section 21800, subdivision (c), provides: "When two vehicles enter an intersection from different highways at the same time and the intersection is controlled from all directions by stop signs, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on his or her immediate right." Vehicle Code section 21950, subdivision (a), provides, in relevant part, "The driver of a vehicle shall yield the right-of-way to a pedestrian crossing the roadway within any marked crosswalk or within any unmarked crosswalk at an intersection . . . ."

As the right-of-way laws recognize the need of persons and motorists in intersections to assess the proximity of vehicles and pedestrians before proceeding, so, too, does Vehicle Code section 22450, subdivision (a). We conclude the stop, pursuant to Vehicle Code section 22450, subdivision (a), must therefore occur at a location where the driver and other motorists and pedestrians can safely determine who has the right-of-way.

The Court of Appeal considered the relationship between a predecessor of Vehicle Code section 22450, subdivision (a) (former Veh. Code, § 22 1/2), and the right-of-way law (former Veh. Code, § 131, subd. (c)) in *Elmore v. County of Lassen* (1935) 10 Cal.App.2d 229 (*Elmore*) (disapproved on another ground by the Cal. Supreme Court in denying rehearing in *Pattison v.*

4

*Cavenagh* (1936) 18 Cal.App.2d 123, 130). As we do here, *Elmore* looked to the right-of-way law to determine where a vehicle should stop.

*Elmore* determined there was evidence that plaintiff driver was contributorily negligent in causing an auto collision, notwithstanding her stop before entering an intersection. *Elmore* noted that, although former Vehicle Code section 22 1/2 specified a vehicle must stop "before entering" a through highway, "The exact spot to stop is made clear by the provisions of another . . . statute (sec. 131, subd. [c]) which clearly implies that it will be at a point where the driver has a view of the 'vehicles within the intersection or approaching so closely from the left as to constitute an immediate hazard.'" (*Elmore*, *supra*, 10 Cal.App.2d at p. 232.) The spot where the plaintiff stopped, which was 86 feet from the intersecting highway, was not such as to afford her the requisite view, because from that spot, "one's view of the highway to the left was so obstructed that only a very small portion of it could be seen and one could not ascertain if a vehicle was approaching so closely from the left as to constitute an immediate hazard." (*Ibid.*)

*Elmore* did not deal with the requirement to stop before entering a crosswalk and, in its case, stop signs were not erected upon all the approaches to the intersection. Nonetheless, the opinion explains how a stop sign statute may be harmonized with the law dealing with the right-of-way.

B.    Defendant's Interpretation of the Law

Defendant argues that, so long as he stopped where the stop sign was located, he complied with Vehicle Code section 22450, subdivision (a). Yet, the statute only indicates that when the driver approaches "a stop sign at the entrance to, or within, an intersection," the driver must stop as indicated in the statute, i.e., if there is a limit line, where the limit line is located; if there is no limit line or crosswalk, where the entrance to the intersection roadway is located; and finally, when there is only a crosswalk, "before entering the crosswalk on the near side of the intersection."

Citing *Greene v. M. & S. Lumber Co.* (1951) 108 Cal.App.2d 6 (*Greene*), defendant further argues Vehicle Code section 22450, subdivision (a), should be interpreted to give drivers

5

discretion with regard to where to stop. *Greene* considered a former version of the statute which required that a motorist "stop before entering the nearest crosswalk or, if none, then at a limit line when marked, otherwise before entering such highway or intersection." (Former Veh. Code, § 577.) The Court of Appeal determined a motorist was negligent in an accident that ensued after the motorist stopped some distance back from a limit line at an intersection regulated by a stop sign because he failed to stop at the limit line. (*Greene*, *supra*, 108 Cal.App.2d at pp. 9-10.)

In making this determination, *Greene* contrasted the place where a motorist must stop when there is a limit line to the place where he must stop when there is a crosswalk. *Greene* noted that, "It is easy to ascribe a sound reason why considerable latitude should be allowed as to the stopping point when approaching a crosswalk or intersection, whereas the requirement is more strict as to a limit line. There are situations where it is material to the safety of the traveling public that a vehicle be brought approximately to a definite point and stopped there in order to assure a better view and a shorter time after starting to attain a position of safety; and further to assure observation of the vehicle about to enter the favored traffic lane by those approaching its projected path. In many situations it would make little difference whether the stop was made at the stop sign or anywhere between the stop sign and the intersection, but there are other situations in particular localities where maximum safety requires that the point where the stop shall be made be indicated." (*Greene*, *supra*, 108 Cal.App.2d at pp. 9-10.)

The "'language of a statute should not be given a literal meaning if doing so would result in absurd consequences which the Legislature did not intend.' [Citation.]" (*People v. Pieters* (1991) 52 Cal.3d 894, 898-899.) Since the words of Vehicle Code section 22450, subdivision (a), do not denote the precise place where a vehicle must stop when there is only a crosswalk, read literally, one interpretation of the law is that a vehicle could stop 100 feet, or more, "before entering the crosswalk on the near side of the intersection," and be in compliance with the statute. This would be absurd. "[T]he apparent purpose of [Vehicle Code section 22450, subdivision (a)] is to require a vehicle to stop before it is in a position where it

6

could impede or hit pedestrians who could be in a crosswalk, or cross-traffic that could be in an intersection." (*People v. Binkowski* (2007) 157 Cal.App.4th Supp. 1, 5, italics omitted.) Allowing a stop at a distance too far from the crosswalk would be dangerous if motorists could not see other vehicles in the approaching intersection or pedestrians in the crosswalks.

C.      Application of the Statute

Defendant contends the judgment should be reversed because there were bushes obstructing Fernandes's line of sight, and he could not testify as to how far back defendant stopped prior to entering the crosswalk; hence there was no evidence defendant failed to make the required stop. But, defendant did not move for an acquittal after Fernandes testified, thus the trial court could properly consider defendant's testimony in determining whether to find him guilty. (See *People v. Ceja* (1988) 205 Cal.App.3d 1296, 1301; *People v. Smith* (1998) 64 Cal.App.4th 1458, 1468.) Defendant's testimony that he stopped within one foot of the word "STOP" on the roadway, which was 10 feet west of the crosswalk, constituted substantial evidence regarding the spot where the stop occurred.

The court found the spot where defendant stopped was "too far back" to comply with the statute. On appeal, we imply any findings necessary to support the court's determination. (See *People v. Fulkman* (1991) 235 Cal.App.3d 555, 560 ["'[w]here there are no express findings of fact, it is implied that the trial court . . . made whatever findings were necessary to support the judgment or order'"].) We review the record to determine if there is substantial evidence in the record to support the court's implied findings. (See *People v. Francis* (2002) 98 Cal.App.4th 873, 878.)

There is substantial evidence indicating defendant did not stop at a place where the right-of-way laws could be safely respected. Bushes obstructed Fernandes's view of defendant until just before he crossed the westerly side of the crosswalk across Sierra Madre, and it was reasonable for the court to find the same bushes obstructed defendant's view of vehicles and pedestrians. The layout of the intersection was such that, from the place where defendant stopped, he could not see whether any pedestrians had entered the crosswalks crossing

7

Sunnyside to his immediate right or left, or whether any vehicles had entered the intersection after stopping for the stop signs for traffic crossing Sierra Madre. Likewise, he could not be seen by these other motorists and pedestrians. Given that the right-of-way laws could not be safely respected from the location where defendant stopped, there was substantial evidence supporting his conviction.

## IV. *DISPOSITION*

The judgment is affirmed.

_____
RICCIARDULLI, J.

We concur:

_____
P. McKAY, P. J.

_____
KUMAR, J.