Filed 2/21/20

**CERTIFIED FOR PUBLICATION**

APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| THE PEOPLE, | BR 054637 |
|     Plaintiff and Respondent, | Chatsworth Trial Court |
| v. | No. AB415583 |
| SHARON KRUSCHEN, | |
|     Defendant and Appellant. | **OPINION** |

APPEAL from a judgment of the Superior Court of Los Angeles County, Susan K. Weiss, Commissioner.  Judgment Reversed.

No appearance for Plaintiff and Respondent, the People of the State of California.

Sharon Kruschen, in pro. per., for Defendant and Appellant.

\*        \*        \*

Defendant and appellant Sharon Kruschen was cited for and convicted of failing to stop while approaching a stop sign in violation of Vehicle Code section 22450, subdivision (a).[1] The evidence adduced at trial demonstrated that defendant drove past a school bus while it was stopped and displaying a flashing red light signal and stop signal arm (§ 22454, subd. (a)); however, the officer elected not to cite defendant for the latter violation as it would likely result in a higher fine. On appeal, defendant challenges the sufficiency of the evidence in support of the judgment. We hold that a stop signal arm affixed to a school bus does not fall within the parameters of section 22450, and agree that the record does not contain substantial evidence in support of the essential elements of the offense. Accordingly, we reverse the judgment.

## BACKGROUND

On October 23, 2018, at approximately 8:15 a.m., defendant was issued a notice to appear alleging that she violated section 22450, subdivision (a), by failing to stop for a school bus that was displaying flashing red lights and an extended stop sign. Defendant pled not guilty and a court trial commenced on July 1, 2019.[2]

Los Angeles County Deputy Sheriff P. Ferreira and defendant testified at the trial. The pertinent testimony was as follows: On the date in question, Ferreira was parked on Thousand Oaks Boulevard in the City of Agoura Hills when he observed a school bus stopped in front of an apartment building. The red lights on the bus were flashing and its signal arm with the word "stop" written on it was extended. Defendant made a left turn onto Thousand Oaks Boulevard, from Argos, and drove past the school bus without stopping. Ferreira elected to cite defendant for violating section 22450, failing to stop for a stop sign rather than for violating section 22454, subdivision (a), failing to stop for a school bus because of the difference in the fines. According to Ferreira, a violation of section 22454, subdivision (a), resulted in a fine of "$150 + penalty assessments ($695)." The deputy sheriff testified that he "considered the arm

---

[1]Further statutory references are to the Vehicle Code.

[2]Initially, defendant elected to have a trial by written declaration. (§ 40902; Cal. Rules of Court, rule 4.210.) Dissatisfied with the court's decision, defendant requested and received a trial de novo. (§ 40902, subd. (d).)

extending from the bus with the word 'stop' on it and flashing red lights to be a stop sign." He opined that defendant violated both Vehicle Code statutes.

Defendant testified that she was not guilty of the charged offense. The court adjudged defendant guilty of the violation, ordered her to pay a fine, and granted her request to attend traffic violator school. Defendant filed a timely notice of appeal.

DISCUSSION

Defendant argues the evidence is insufficient as a matter of law to support her conviction. Our analysis hinges upon whether section 22450 applies to a stop sign displayed by a school bus that is stopped for the purpose of loading or unloading any schoolchildren. We conclude it does not.

To the extent our analysis involves an issue of statutory interpretation, we apply an independent standard of review. (*People v. Johnson* (2007) 150 Cal.App.4th 1467, 1481.) "''"To determine the sufficiency of the evidence to support a conviction, an appellate court reviews the entire record in the light most favorable to the prosecution to determine whether it contains evidence that is reasonable, credible, and of solid value, from which a rational trier of fact could find the defendant guilty beyond a reasonable doubt."' [Citation.] The pertinent inquiry is 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' [Citation.]" (*People v. Romero* (2008) 44 Cal.4th 386, 399.) A reversal for insufficient evidence is warranted if, upon no hypothesis whatever, is there sufficient evidence to support the verdict. (*People v. Penunuri* (2018) 5 Cal.5th 126, 142.)

Section 22450, subdivision (a), provides that "[t]he driver of any vehicle approaching a stop sign at the entrance to, or within, an intersection shall stop at a limit line, if marked, otherwise before entering the crosswalk on the near side of the intersection. [¶] If there is no limit line or crosswalk, the driver shall stop at the entrance to the intersecting roadway."

According to the plain language of section 22450, the prosecution was required to prove that defendant failed to stop "at an intersection with a crosswalk and controlled by a stop sign to stop 'on the near side of the intersection' . . . ." (*People v. Overing* (2015) 239 Cal.App.4th Supp. 31, 34.) The People did not present any evidence upon which the court could find that

3

defendant's failure to stop occurred while facing a crosswalk or entering an intersection. The stop sign affixed to the school bus does not fall within the parameters of section 22450, as the "purpose of the statute is to require a vehicle to stop before it is in a position where it could impede or hit pedestrians who could be *in a crosswalk*, or cross-traffic that could be *in an intersection*." (*People v. Binkowski* (2007) 157 Cal.App.4th Supp. 1, 5, italics added.)

Instead, the applicable statute governing defendant's alleged violation is section 22454.[3] It is settled that "if a general statute includes the same conduct as a special statute, the court infers that the Legislature intended that conduct to be prosecuted exclusively under the special statute." (*People v. McCall* (2013) 214 Cal.App.4th 1006, 1011-1012; accord, *In re Williamson* (1954) 43 Cal.2d 651, 654.) We conclude the record does not contain substantial evidence from which any trier of fact could find the essential elements of the crime beyond a reasonable doubt.

## DISPOSITION

The judgment is reversed.[4]

_____
P. McKay, P. J.

We concur:

_____
Kumar, J.

_____
Ricciardulli, J.

---

[3]"The driver of any vehicle, upon meeting or overtaking, from either direction, any schoolbus equipped with signs as required in this code, that is stopped for the purpose of loading or unloading any schoolchildren and displays a flashing red light signal and stop signal arm, . . . if equipped with a stop signal arm, visible from front or rear, shall bring the vehicle to a stop immediately before passing the schoolbus and shall not proceed past the schoolbus until the flashing red light signal and stop signal arm, if equipped with a stop signal arm, cease operation." (§ 22454, subd. (a).)

[4]Retrial is barred. (*Burks v. United States* (1978) 437 U.S. 1, 18; *People v. Hatch* (2000) 22 Cal.4th 260, 271-272.)